[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT
The Memorandum of Decision in paragraph 7 states as follows:
 "Defendant shall maintain health insurance for the benefit of the three minor children. The parties shall share equally any unreimbursed medical or dental bills incurred on behalf of Allison and the defendant shall be solely responsible for all unreimbursed medical and dental bills for the two sons."
The issue between the parties is whether the defendant should be responsible for the expenses of Michael at Arms Acres in Carmel, New York and Sherburne House in Minnesota. The defendant does not contest that Michael received medical CT Page 4141 treatment at both of these facilities nor does he contest that such treatment was necessary. His argument is that the plaintiff did not comply with the requirements of Champus, his medical insurance carrier, and that Sherburne House was not an approved provider by Champus. It is his position that he so advised the plaintiff and that, nevertheless, she acted to place Michael in these facilities without his consent or approval. These latter statements are either contested by the plaintiff or that the defendant was not assisting rapidly enough in view of the nature of Michael's problems.
While the court orders provided for joint legal custody, which envisions that the parties would work together in Michael's best interest, the fact of the matter is that they began to do so but subsequently failed to do so. What happened in reality was that the defendant did not cooperate in the decision making process as rapidly as the plaintiff felt he should. The parties received ten days notice of Michael's move from Arms Acres to Sherburne House. The defendant denies this. $1,000.00 to be paid to the plaintiff for her attorney's fees and orders that sum to be paid to the plaintiff also from the defendant's share of the proceeds of sale of the real property at 315 Tashua Road in Trumbull.
The court does not find the defendant in contempt.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE